Good morning. May it please the court, my name is Dan Siegel. I'm appearing for the appellants in these three cases. I would like to reserve three minutes, if I may. And I'd like to begin by responding to the court's question, which was to be prepared to discuss the issue of finality with respect to the state administrative matter. And simply on a factual basis, the appeal of the superior court's judgment ordering Writ to set aside the SPB decision was fully briefed as of September 13. Currently, we're awaiting notice of oral argument. I believe that the answer to the court's question as a matter of law is stated in the decision of this Court in the Cave v. City of Rancho Palos Verdes case, particularly at page 808. And on that matter, the Court stated, quote, unlike the Federal rule and that of several states, in California the rule is that the finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired. Counselor, before you get to this issue, and I appreciate this, a very serious issue, and one which I think we have to think about, I guess I'm wondering whether we should even consider the issues raised in the supplemental briefs. My worry is that I don't see the issue on appeal of the SPB decision in your opening brief, and it was pending at the time, and I don't know why you didn't raise it, and I know that we asked for further briefing regarding it, but I guess I'm trying to figure out why it's not waived since it wasn't raised in the opening brief. The appeal that we made and briefed in the opening brief is to whether the district court, and I know this is on direct review, whether the district – whether it was, in fact, true that res judicata applied. Well, I understand, but – and frankly, even before I get to that, I guess I'm wondering in this particular matter, nobody seemed to tell us anything about the appeal of the SPB issue in your opening brief. It was pending at the time. It's really a matter that really you did not discuss very much in your opening, if at all, and so therefore, I'm wondering if it isn't waived and how I get to it. Okay. The – well, the answer how you get to it is answered by the restatement, which is quoted in our briefs, and the restatement says that after the first decision has been made and – which is the decision in this case of the SPB, and subsequent to the second decision, in this case, that's the decision of the district court. The first decision is overturned. Then it is the duty of the court to set aside the second decision. That is, in this  I'm perturbed, counsel, by the litigation history in this case, which really resulted in a lot of needless briefing and litigation, because when the SPB denied your claims, you chose not to appeal that, and you went to Federal court. And it wasn't until the Federal court granted summary judgment, ruled against the appellants on the claim preclusion issue, that on the last day available for filing a writ in State court to appeal the SPB decision, you did that, and then you came over here and appealed the district court's decision to our court, and you don't mention in the opening brief that the appeal is pending in the California court. And so that really, if the California court had decided that would undermine the finality of it, that would really move or take care of the claim preclusion issue by the district court, and it wasn't until you got a judgment in your favor in State court that you came back here and asked for supplemental briefing. So what is going on with that? I know that your opposing counsel raised the issue of vertical forum shopping. How do you respond to that claim? Carvino, I think that's a perfectly fair question. The this case was not handled by my firm. It was handled by another firm, which chose, for reasons that are not before the court, to file in the SPB, in the California Superior Court, and the Federal Court, essentially simultaneously on the same cause of action. When my firm came into the case, the administrative law judge had decided the SPB matter. It was then pending before the SPB. We immediately sought, with cooperation of defendants, to consolidate the pending State and Federal claims. Then the SPB made its decision. At the time the SPB made its decision in 2011, we chose not to challenge that decision, and two things happened which made it relevant to challenge that decision. The most important thing was the issuance by the California Court of Appeal in 2012 of the Mize-Kersman decision. That was after our opening brief was filed. Once we saw that there was a change in California law which gave us a reasonable opportunity of setting aside the SPB decision as a matter of law, we filed the writ petition. The second thing that happened which made it paramount to file the writ petition was the district court's order. We did not believe that the district court would apply res judicata to these claims for the reasons that we raised in our opening brief. Number one, that the SPB did not have jurisdiction of the Petitioner's claims under Title IX, and we — and that's really the second argument I wish to make to the Court today, that res judicata should not apply in this case because one of the plaintiff's was the Title IX claim, and we did cite in our opening brief the California regulations which establish the jurisdiction of the SPB and limit that jurisdiction to claims that are described by the California government code, which include the Fair Employment and Housing Act claim, and, by specific reference, a claim which does not exist in this case but under Title VII. But there is nothing in the California codes which would have allowed a former counsel to bring the Title IX claim to the SPB. Sotomayor. Where we are today is that we have a district court decision applying either claim or issue preclusion based on the findings of the State Board, correct? Yes. And subsequent to that, California superior court vacated that decision, correct? Yes, sir. So the basis for finding claim or issue preclusion no longer exists. I submit that is the case, Your Honor. Why shouldn't we just wait to see what happens in the State proceedings? Well, the issue of claim preclusion — I'm waiting for a response that starts with, you should wait or you should not wait because — You should not wait because claim preclusion has not been established by Respondents. It's their obligation to convince the Court that the conditions for claim preclusion have been met. As of right now, those conditions have not been met. Other than the vacation, you're suggesting that the other elements are not met? There's two other — Employees are the same party, right? That's correct. So we're really talking about if the claim relates to the same primary right? Is that what we're talking about? That is certainly one of the points that the Court must consider. I mean, we've got three. Prior judgment is final and on the merits. We know that, but you're saying, don't wait, do it nonetheless. And we know they're all the same party, so that isn't it. So we've really got the first, if the claim relates to the same primary right as the claim in the prior action. Are you suggesting that the Title IX claims and the FEHA retaliation claim do not relate to the primary right litigated in the SBBA actions? I am not suggesting that, Your Honor. Well, then it seems to me we ought to wait. Okay. If I can quickly raise two points, though. Okay. Despite the fact that the primary rights are the same, one exception to claim preclusion is whether the claim that is brought in the Second Tribunal was cognizable in the First Tribunal. If the SPB could not hear the Plaintiff's Title IX claim and we submit it could not, then Plaintiffs were justified with respect to that claim of, quote, splitting their cause of action and bringing the Title IX claim in superior court. And regardless of what happens to the primary rights, that doesn't seem to be one of the elements of res judicata given our precedent. I cited the three. One, do they relate to the primary right? Two, is it final and on the merits? And three, are they party or privity with the party to the prior action? Those are the three I have to look at. I went through those with you. Now, I appreciate you want to go outside of those, but I don't find those in the precedent. Well, we have certainly cited to the Court those are the three elements. I'm not disagreeing with you at all, Your Honor. But there are defenses, or there are exceptions to the applications of the three elements. What's your best case for what you're telling me? Well, the second point is waiver, right? This Court in the Hood River case, which we cited in our brief, has said that when a party below fails to object to the splitting of the cause of action, then that is a waiver and allows the splitting. Now, this case is so on fours with the Hood River case that it seems I'm interested to hear the argument, because in the Hood River case, the defendants did exactly what they did in this case. They didn't seek to dismiss the second action. They simply asked the Court to stay the second action pending resolution in the first. See, I would have thought your argument would have been the basis for claim or issue preclusion cited by the United States district court no longer exists. Send this case back to district court and instruct them to wait. Your Honor, I believe that's our strongest argument. And when we get back to the district court, that we will ask the district court not to wait for the two reasons that I've addressed with you briefly this morning. Okay. Thank you for your argument. We have some time left. We'll turn the time over to counsel for Feather River Community College. May it please the Court, Wayne Mayer appearing on behalf of Feather River Community College. I think some of the issues have been clearly enunciated already. And as we raised in our original point, with regard to this issue now that the SPB decision and a writ has been granted and the issue is now before the third DCA, that was an issue that was well aware to everyone when this matter was originally presented in appeal to this court. And so one of the strongest arguments, and I think the court raised it earlier, is that the fact that that issue was not raised, in fact, waives it for purposes of this appeal. In deference to counsel, I would correct the record, and I think the court looks at the record. We're all aware of the fact that the writ in this case was filed 365 days after the SPB decision came down. The Mize decision, in fact, did not come down until January of 2012, three months after this writ was filed. So it's difficult to accept the explanation. What difference does that make? The difference makes is that, as I understood the argument of counsel was, is that the reason the writ was filed was a new case had come down from the court of appeals indicating that there's a change in the law and, therefore, the writ was filed. And so the net result of this, of course, is that we know what happened was, is that Judge Mueller waited 353 days after the SPB decision to allow the plaintiffs, the appellants in this case, the opportunity to seek judicial review, which is noted clearly in her decision, on page three of her decision. She notes on page three of her decision that, as the case sits before her right then, there had been no review taken. We're almost a year down the road. The district court has now spent months working on this motion for summary judgment. They decided it correctly under the principles. So your argument is the district court waited too long. No. My argument is, is the district court was very patient in waiting almost a year to make sure, in fact, that review was not taken, which the court notes in its decision. No review has been taken. And the court noted that an unreviewed administrative decision does, in fact, have preclusive effect. That was the basis of Judge Mueller's review, which was done de novo. She reviewed all of the evidence of this extensive trial that was taking place at the SPB and made the correct decision. I'm trying to understand and parse your argument. Where we are right now is that a United States district judge has rendered a ruling based on issue or claim preclusion, the basis for which no longer exists. And are you telling us that we should ignore the fact that the basis for the decision no longer exists? And I think there is a strong argument to do just that. Could you start with a yes or no? Yes. And the basis of that is set forth in Restatement of Judgment 2, Section 16, which notes, and I'll read it, a judgment based on an earlier judgment is not nullified automatically by reason of the setting aside or reversal on appeal or other nullification of that earlier judgment. What do you do with Ellingson versus Burlington Northern? That's our 1981 case that says, you know, we realize that there are matters that are not raised in the opening brief that are generally not considered. But in the appellate court's discretion, they can consider those issues if the appellee has not been misled and the issue has been fully explored. My response to that is, is that... Because it seems to me, just to go on, that you haven't been misled. You got a chance to brief it. You haven't been at all given... Not taken advantage of. You've been given your every chance. In fact, you're here and you're going to be able to talk to us about it. And there's no question the issue has been explored. So why do I not follow Ellingson and say, well, I realize that generally in the opening brief, if it isn't there, it's waived. But now it's been talked about, everybody's done what they need to do, let's get it done. And I think the reason, and I think discretion is the key here, is that when we go back and look at the entire course of conduct in terms of the handling of this litigation and the trial, which took place back in 2005, this trial took place in 2007 and 2008, the Reed decision, which deals specifically with interpreting the restatement of Judgment 16 that I talk about, deals specifically with that very issue, where it states... How long did you wait to ask this Court to defer pending the resolution of the State proceedings? I'm sorry, Your Honor. How long did... No. When did you no, the question is, how long did you wait to ask this Court to stay these proceedings while the State personnel board matters were completely final and litigated, which you did just recently? We did that recently because the original... I didn't ask you why you did it. I asked you how long did you wait to ask us that? We didn't ask you to stay it until after the SPB decision and the writ was heard and finalized in October of 2012. So that... I thought you just asked us that recently. That was as a request to file supplemental briefs on the part of the appellants. That was granted, and then we asked for an opportunity to respond to that appellant's supplemental brief. Is it or is it not your position that this Court ought to stay its proceedings pending what happens in State court? That is our second position. My first position is that the Court ought to follow the Reid decision and recognize that... So I didn't ask whether it was your first or your 15th position. Is that your position? Ultimately, my position is, is that the Court has the ability to deny the appellant's request in this matter because in the Reid, this entire predicament, just like in Reid, is entirely their own... If we reject that argument, if we do not go with that argument, then are you asking that we stay the matter until the California Court of Appeals rules? Yes. She seems to be better at getting yes or no's out of you than I do. My argument is, Your Honor, that when the Court takes a look at the entire history of how this case has been drug out for all of these years, the fact that the appellants wait until the very last day to file their writ and then file their appeal in this matter, an incredible amount of the Court's resources, both at the district court level, placed an incredible burden on my law firm and my client's resources by having to brief issues and the fact that we're even here today and this Court's resources by choosing the tactics that they did. That's why the Reid decision says, hey, this is your responsibility. You chose this tact. You live with it. If that argument doesn't gain any traction, then what's unreasonable about sending it back to the district court to say, well, the basis upon which the district court ruled is now gone, there's no finality, and so the district court can, at that point, decide what to do with it. Well, and then I think the Colorado River Doctrine comes into play, because if we look at the situation where how do we most efficiently deal with this case? If the Court says, wait a minute, in our decision, in our discretion, we're not going to follow Reid, what's the next logical thing to do with this case? The logical thing to do with this case is simply abate this appeal, leave it where it sits, see where the third DCA goes. We believe the third DCA will reinstate the SPB action. Then we're right back here with the issues that were originally briefed, and before this Court, with regard to whether or not Judge Mueller's granting of our motion for summary judgment, due to issue preclusion, was correct or not. We believe it was. To send it back down to the district court and wait for the third DCA at that point in time, and then ask the third DCA to — Not the third. Not third DCA. I'm sorry. I was going to say, we're not going to ask them to do anything. For — to ask Judge Mueller at that point in time to sit and wait for the third DCA decision, and then allow the whole process to start over again, to me, seems like a waste of judicial economy. And under the Colorado River Doctrine, that's what we're looking at doing. If the Court doesn't accept the Reid Doctrine, what's the most efficient way to resolve this case? And to me, it would be just simply freeze it, leave it where it sits, see what the third DCA does with the SPB decision, and at that point in time, once that's clarified, this Court will know what issues are before it. My information is that the personnel board proceedings were filed in 06? That's correct. June of 06? That's correct. And this action in district court was filed in August of 06? I believe that's correct, Your Honor. And I assume that your client responded to that complaint in due course after that? That's correct, Your Honor. Okay. And when did you first ask any — any Federal court, any Federal judge to stay in abeyance the Federal proceedings pending the resolution of the State claims? My recollection is, is that a motion was filed before Judge Drummoll in October of 2010. I'm not recognizing that name. Is that a Federal judge? Gamrell. I'm sorry. Judge Gamrell. And that was by the predecessor law firm, the Johnson Sachter law firm, prior to my involvement in the case filed. When was that done? I believe it was. I don't have it right in front of me. But there was a motion filed for a stay. I believe it was in 2010. And Judge Gamrell, at that point in time, decided to allow both cases to proceed concordantly until which case got to trial first, either in the SPB or in the district court. And, of course, we know that the SPB matter went to trial first. Okay. Thank you. Thank you for your argument. I appreciate it. May it please the Court, I take it from the Court's questions and comments that the issue for the Court is the finality of the State court judgment and that the Court is not particularly interested in our other arguments at this point. We don't reach conclusions until we go back into the conference room. We just ask questions. Okay. Well, I would submit to the Court that raised judicata was not properly applied here, not only because of the lack of finality of the State court action, but because the defendants waived, and I think the Court's question, waived the second action as an exception to the rule against splitting causes of action when they made their motion and did not ask that the Federal action be dismissed, but simply asked that it be State, and Hood River is right on point, your decision in Hood River. And then, again, to emphasize, the Title IX claim was not cognizable by the SPB, and, therefore, the SPB action, whether accurate or inaccurate, should not create preclusion with respect to the Title IX claim. Thank you for your argument. Thank you. The case is 11-17643, 17651, 17653, Oregico v. Feather River Community College is submitted.
judges: Hawkins, Smith, Nguyen